IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID T. CURRY,

    Plaintiff,

                                          CASE NUMBER: 4:18cv00207-RH-CAS

vs.

JULIE L. JONES, et al.,

    Defendants.

_____/

**DEFENDANT DR. VILCHEZ'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT *WITH PREJUDICE*
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, DR. VILCHEZ, through undersigned counsel and pursuant to Rule 12 of the *Federal Rules of Civil Procedure* and Rule 7.1 of *Local Rules for the Northern District of Florida*, hereby files this Motion to Dismiss Plaintiff's Second Amended Complaint *with Prejudice* and Incorporated Memorandum of Law, and states that the Second Amended Complaint [Doc. 23], should be dismissed *with prejudice* for the following reasons:

    A. Plaintiff failed to state a claim for deliberate indifference to a serious medical condition against Dr. Vilchez;

    B. The claims against Dr. Vilchez are barred by qualified immunity;

    C. The claims against Dr. Vilchez are barred by the Eleventh Amendment; and

    D. There are no physical injuries alleged to have resulted from the actions/omissions of Dr. Vilchez.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings the instant lawsuit regarding his Hepatitis-C ("HCV"). [Doc. 23]. It is unclear whether Plaintiff sues Dr. Vilchez in her individual or official capacity. [Doc. 23]. Plaintiff seeks compensatory and punitive damages in unspecified amounts, as well as recovery of attorneys' fees and costs, although Plaintiff is acting on a pro-se basis. [Doc. 23].

Plaintiff started treatment with Dr. Vilchez in February of 2015. [Doc. 23 at ¶56]. Plaintiff alleges that once he was in the care of Dr. Vilchez, he underwent "an array of tests" such as EKG, lab tests, chest x-rays, etc. [Doc. 23 at ¶56]. Plaintiff also alleges that he advised Dr. Vilchez he was a HCV stage F4, and that in response Dr. Vilchez advised him that the Florida Department of Corrections ("FDC") does not provide treatment for inmates with HCV because it is too expensive and not practical. [Doc. 23 at ¶56].

Plaintiff goes on to recount that on May 20, 2018, he consulted with Dr. Vilchez regarding a bulge on the right side of Plaintiff's liver. [Doc. 23 at ¶58]. Dr. Vilchez ordered a pre-dialysis diet for the Plaintiff, prescribed pain medication, and requested a consult for the Plaintiff with a liver specialist. [Doc. 23 at ¶58]. As a result of Dr. Vilchez's liver specialist request, Plaintiff was transferred to another

institution, underwent a liver ultrasound, however did not consult with a liver specialist. [Doc. 23 at ¶58]. Plaintiff alleges that the liver specialist consult requested by Dr. Vilchez was denied. [Doc. 23 at ¶58].

Plaintiff goes on to allege that between July and September of 2015, he consulted with Dr. Vilchez on various occasions to discuss lab results and the deteriorating condition of Plaintiff's liver function. [Doc. 23 at ¶59]. During that period of time, Dr. Vilchez observed a "lump" on Plaintiff's right side and ordered a CT scan for the Plaintiff. [Doc. 23 at ¶59]. Dr. Vilchez reviewed the results of the CT scan with the Plaintiff, and advised the Plaintiff that the bulge or lump was just a fatty deposit and that there was nothing to worry about. [Doc. 23 at ¶59]. These are the only factual allegations directed at Dr. Vilchez. [Doc. 23].

Additionally, the Second Amended Complaint generally lists the numerous forms of treatment and testing that Plaintiff received since his incarceration in 2015. [Doc. 23]. Specifically, Plaintiff admits in his own pleading that he underwent "an array of tests" to include, "EKG, chest x-ray, labs, etc." [Doc. 23 at ¶56]. Plaintiff was also enrolled in the Chronic Clinic, and was being regularly monitored, received a special diet, pain and other medication as needed, ultrasounds on several occasions, CT scan, and dental treatment. [Doc. 23].

It should be noted that Plaintiff initiated treatment for his HCV with the drug Epclusa on February 21, 2018 (i.e., approximately 2 months *before* he filed the

instant lawsuit). Although Plaintiff had already been receiving treatment for weeks as of the date he filed the instant lawsuit, he failed to provide this information in his pleadings. Plaintiff's treatment was completed on May 15, 2018. Plaintiff's test results currently show that Plaintiff has been cured of the HCV virus.

As outlined in detail below, dismissal *with prejudice* is proper because Plaintiff failed to state a claim against Dr. Vilchez, because Dr. Vilchez is entitled to immunity, and also because there are no allegations that any of Dr. Vilchez's actions or omissions resulted in any physical injuries to the Plaintiff.

### **STANDARD**

A claim will survive a motion to dismiss only if the factual allegations in the complaint "raise a right to relief above the speculative level." *Bell Atlantic Corp., et al. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, SS6 U.S. 662,678 (2009) (internal citation omitted).

Dismissal with prejudice is proper when a more carefully drafted complaint would not state a claim for relief. *Arthur v. JP Morgan Chase Bank, NA*, 569 Fed.

Appx. 669, 686 (11th Cir. 2014) (*citing*, *Ziemba v. Cascade, Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001)).

## II. MEMORANDUM OF LAW

A. <u>Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted</u>.

To state a claim upon which relief can be granted under the Eighth Amendment for inadequate treatment, a plaintiff must allege that the defendant showed deliberate indifference to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires a plaintiff to allege both an objective and subjective component. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

For the subjective component of the claim, plaintiff must allege (1) the defendant's subjective knowledge of a substantial risk of serious harm, (2) disregard of that risk, and (3) conduct that is more than negligence. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005). Additionally, when a prisoner receives adequate medical care but desires different modes of treatment, the care provided by the correctional institution does not amount to deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985).

The Second Amended Complaint fails to state a claim upon which relief can be granted against Dr. Vilchez for several reasons. First and foremost, Plaintiff failed to plead or otherwise show that Dr. Vilchez was deliberately indifferent to

his condition through conduct which was more than negligence. *Bozeman*, 422 F.3d at 1272. According to Plaintiff's own allegations of the Second Amended Complaint, Dr. Vilchez examined Plaintiff on several occasions, ordered several different types of treatment for the Plaintiff, answered his questions and addressed his concerns. [Doc. 23 at ¶¶56-59]. Also according to Plaintiff's own allegations, Dr. Vilchez ordered "an array of tests" such as EKG, lab tests, chest x-rays, etc., ordered a pre-dialysis diet for the Plaintiff, prescribed pain medication, and requested a consult for the Plaintiff with a liver specialist. As a result of Dr. Vilchez's liver specialist request, Plaintiff was transferred to another institution and underwent a liver ultrasound. [Doc. 23 at ¶¶56-59]. Plaintiff's own allegations show that Dr. Vilchez examined Plaintiff on several occasions and took the time to explain and review Plaintiff's lab and other test results. [Doc. 23 at ¶¶56-59]. Dr. Vilchez also ordered a CT scan for the Plaintiff, reviewed the results of the CT scan with the Plaintiff, and advised the Plaintiff that the bulge or lump was just a fatty deposit and that there was nothing to worry about. [Doc. 23 at ¶59].

According to Plaintiff's own allegations, Dr. Vilchez had no authority to begin Plaintiff's treatment, and instead this was a decision of the FDC. [Doc. 23]. Plaintiff's own allegations show that Dr. Vilchez did everything under his power for Plaintiff's treatment by ordering tests, monitoring the Plaintiff, answering

questions, prescribing the medications he had the authority to prescribe, among others.  [Doc. 23 at ¶¶56-59].

Plaintiff's allegations directed at Dr. Vilchez are nothing more than a disagreement with the treatment/testing which was provided. Specifically, Plaintiff's allegations [Doc. 23 at ¶¶56-59], clearly show that Plaintiff simply desired different modes of testing/treatment than the one he was provided. This does not constitute deliberate indifference. *See*, *Hamm*, 774 F.2d at 1575 (when a prisoner receives adequate medical care but desires different modes of treatment, the care provided by the correctional institution does not amount to deliberate indifference).

For these reasons, Plaintiff failed to state a claim upon which relief can be granted, and the Second Amended Complaint should be dismissed in its entirety as to Dr. Vilchez.

B. <u>Dismissal *With Prejudice* Based on Qualified Immunity.</u>

Qualified immunity offers complete protection for officials sued in their individual capacities acting within their discretionary authority if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, (1982).

Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. *Nichols v. Maynard*, 204 Fed. Appx. 826, 828 (11th Cir. 2006) (*citing*, *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (internal citation omitted). Without such allegations, the district court should grant qualified immunity at the motion to dismiss stage. *Id. (citing, Gonzalez v. Reno,* 325 F.3d 1228, 1233 (11th Cir. 2003)).

In *Nichols*, the defendants filed a motion for dismiss for failure to state a claim, asserting they were entitled to qualified immunity because the plaintiff failed to plead deliberate indifference. *Id*. at 827. The district court denied the motion to dismiss, holding that the allegations of the complaint sufficiently plead a claim for deliberate indifference. *Id*. The Eleventh Circuit Court of Appeals reversed the denial of the motion to dismiss, and ordered dismissal of the claims *with prejudice*. *Id*. at 829. The Court reasoned that the allegations of the complaint were insufficient to plead a claim for deliberate indifference. *Id*. For this reason, the Eleventh Circuit Court of Appeals explained, the district court erred in denying defendants' motion to dismiss based on qualified immunity. *Id*.

As outlined in this Memorandum of Law, here the allegations of the Second Amended Complaint are insufficient to plead a claim for deliberate indifference. To the extent that the claims against Dr. Vilchez are brought against her in her

individual capacity, as in *Nichols*, the Second Amended Complaint should be dismissed *with prejudice* based on qualified immunity. *See*, *Id*.

    C. Dismissal *with Prejudice* Based on the Eleventh Amendment.

It is well settled that 42 U.S.C. §1983 does not create a cause of action for money damages against the States, a State agency, or State officials in their official capacities. *McKinley v. Kaplan*, 177 F.3d 1253, 1256 (11th Cir. 1999) (*citing*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal citations omitted); *Small v. McDonough*, 2008 WL 2359899, *3 (N.D. Fla. Jun. 5, 2008) (*citing*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)).

To the extent the Second Amended Complaint seeks monetary damages against Dr. Vilchez in her official capacity, the claims are barred. *McKinley*, 177 F.3d at 1256. Because no amendment will cure this deficiency, the Second Amended Complaint should be dismissed *with prejudice* as to Dr. Vilchez. *Arthur*, 569 Fed. Appx. at 686; *Ziemba*, 256 F.3d at 1213.

    D. Dismissal *with Prejudice* Due to Lack of Physical Injuries.

"No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit is in accord that under 42 U.S.C. § 1997e(e), compensatory and punitive damages are unavailable absent physical injury. *See*, *Al-Amin v. Smith*,

637 F.3d 1192, 1199 (11th Cir. 2011) (stating that the law of the Eleventh Circuit is "unmistakably" that § 1997e(e) precludes the recovery of punitive damages in the absence of the requisite physical injury); *Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007) (stating that § 1997e(e) precludes an inmate's claims for compensatory and punitive damages without a prior showing of physical injury). The physical injury requirement applies to all federal claims, including constitutional claims. *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000).

Here, Plaintiff alleges no physical injuries which resulted from Dr. Vilchez's acts or omissions. [Doc. 23]. Dismissal is warranted. *See*, 42 U.S.C. § 1997e(e); *Al-Amin*, 637 F.3d at 1199; *Smith,* 502 F.3d at 1271. Dismissal *with prejudice* is proper because a more carefully drafted pleading would not state a claim for relief. *Arthur*, 569 Fed. Appx. at 686; *Ziemba*, 256 F.3d at 1213.

I. **CONCLUSION**

For the reasons outlined in this Motion to Dismiss, the Second Amended Complaint should be dismissed *with prejudice* in its entirety against Dr. Vilchez.

**LOCAL RULE 7.1 CERTIFICATE**

Undersigned counsel hereby certifies that a good faith conference with the adverse party is not required pursuant to Local Rule 7.1(B) because Plaintiff is currently incarcerated.

## LOCAL RULE 7.1(F) CERTIFICATE

Undersigned counsel hereby certifies that the word processing program undersigned counsel used to prepare this Motion shows that the entire Motion contains a total of 2,519 words.

**WHEREFORE**, Defendant DR. VILCHEZ, respectfully requests that this Honorable Court enter an Order dismissing *with prejudice* the Second Amended Complaint against her, and granting such other relief in favor of this Defendant as this Court deems just and proper.

DATED this 18th day of May, 2019.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Ana C. Françolin Dolney, Esquire*
**ANA C. FRANÇOLIN DOLNEY, ESQ.**
Florida Bar No.: 23162
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel:407-730-3535/Fax:407-730-3540
Email: flcourtfilings@cmlawfirm.com
afrancolin@cmlawfirm.com
***Attorneys for Defendant Dr. Vilchez***

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 18th day of May, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Ana C. Françolin Dolney, Esquire*
**ANA C. FRANÇOLIN DOLNEY, ESQ.**
Florida Bar No.: 23162
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel:407-730-3535/Fax:407-730-3540
Email: flcourtfilings@cmlawfirm.com
afrancolin@cmlawfirm.com
***Attorneys for Defendant Dr. Vilchez***

<u>**SERVICE LIST**</u>
**David T. Curry, DC#106409**
**CASE NO. 4:18cv00207-RH-CAS**
**United States District Court, Northern District of Florida**

**David T. Curry, DC#106409,** Hamilton Correctional Institution, 10650 SW 46th Street, Jasper, Florida 32052. Served via US First Class mail.

**Donna M. Laplante, Esq.**, Office of the Florida Attorney general, PL 01 The Capitol, Tallahassee, Florida 32399. Donna.laplante@myfloridalegal.com

**Elizabeth M. Van Den Berg, Esq.**, Office of the Florida Attorney general, PL 01 The Capitol, Tallahassee, Florida 32399. elizabeth.vandenberg@myfloridalegal.com