IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID T. CURRY,

    Plaintiff,

v.                                   CASE NO. 4:18cv207-RH-CAS

MARK S. INCH, etc., et al.,

    Defendants.

_____/

## ORDER DISMISSING COUNTS 2 AND 5 AND DISMISSING COUNTS 6 AND 7 AGAINST MS. JONES INDIVIDUALLY

The plaintiff David T. Curry is a prisoner in the Florida Department of Corrections. He asserts federal and state claims arising from the defendants' alleged failure to adequately treat his hepatitis-C. Mr. Curry asserts the defendants have acted not for medical reasons but to save money.

The defendants include the Secretary of the Department of Corrections in his official capacity—this is now Mark S. Inch—and the former Secretary Julie L. Jones in her individual capacity. They have moved to dismiss. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 63, and the objections, ECF No. 66 (refiled as ECF No. 68). Other defendants also

have moved to dismiss, but the report and recommendation and this order do not address their motions.

This order accepts the report and recommendation and adopts it as the court's opinion except as otherwise noted in this order.

I

A condition precedent to Mr. Curry's state-law claims against the Department—or against the Secretary in his official capacity—is compliance with the requirements of Florida Statutes § 768.28. The report and recommendation concludes that the state-law claims against the Secretary in his official capacity should be dismissed for failure to comply with § 768.28 in two respects.

First, under § 768.28(6)(a), an action may be brought only if the claimant gives notice to the Department of Financial Services and it denies the claim. Mr. Curry gave the required notice shortly before filing this action, but the Department did not deny the claim or otherwise respond. Under § 768.28(6)(d), if the Department does not respond within six months, it is deemed to have denied the claim. Six months did not pass before Mr. Curry filed this action, but six months have now passed. A plaintiff's failure to meet this requirement prior to filing an action is not fatal; the requirement can be satisfied while the action is pending. *See Hattaway v. McMillian*, 903 F.2d 1440, 1445-49 (11th Cir. 1990). Mr. Curry now has met this requirement.

Second, under § 768.28(7), service of process must be made not only on the affected agency—here the Department of Corrections—but also on the Department of Financial Services. Mr. Curry did not effect service on the Department of Financial Services. But the court prohibited service until authorized and then authorized service only on the defendants, not on the Department of Financial Services. If service still has not been made on the Department and it will not waive service, the magistrate judge should direct service at this time. The deadline for service should be extended as needed.

II

The report and recommendation concludes that counts 2 and 5 of the second amended complaint are duplicative of counts 1 and 4 and should be dismissed on that basis. This is correct based on this understanding: counts 1 and 4 encompass the theories espoused in those counts and these theories in turn encompass the theories espoused in counts 2 and 5. It bears noting, too, that the statement that respondeat superior cannot be a basis for liability is true only for the federal claims, not the state-law claims.

III

The report and recommendation concludes that the claims for damages against the Secretary in his official capacity are barred by the Eleventh Amendment. This is not so for claims under the Rehabilitation Act, because by

accepting federal funding conditioned on compliance with that Act, the state has waived its Eleventh Amendment immunity. *See, e.g.*, *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288 (11th Cir. 2003). It also is not so for claims under the Americans with Disabilities Act to the extent of any violation that also violates the Eighth Amendment, because, to that extent, Congress has validly acted under the Fourteenth Amendment to abrogate a state's Eleventh Amendment immunity. *See, e.g.*, *United States v. Georgia*, 546 U.S. 151 (2006).

## IV

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted in part and adopted as the court's opinion to the extent consistent with this order.

2. The Secretary's and Ms. Jones's motion, ECF No. 26, to dismiss the second amended complaint is granted in part and denied in part. Counts 2 and 5 are dismissed as duplicative. Counts 6 and 7 are dismissed against Ms. Jones individually. The other claims are not dismissed.

3. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on August 26, 2019.

s/Robert L. Hinkle  
United States District Judge
