**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**DAVID T. CURRY,**

      **Plaintiff,**

**vs.**                            **Case No. 4:18cv207-RH/CAS**

**MARK S. INCH, et al.,**

      **Defendants.**
_____/


## SECOND REPORT AND RECOMMENDATION

Pending in this case are two motions to dismiss. The first was filed by Defendant Vilchez, ECF No. 49, and the second was filed by Defendant Lopez, ECF No. 53. The pro se Plaintiff was advised of his obligation to respond to both motions, ECF Nos. 51 and 54, and his responses, ECF Nos. 70-71, have been considered.[1]

The operative pleading is Plaintiff's second amended complaint [hereinafter "complaint"], ECF No. 23, in which Plaintiff generally claims that Defendants have been deliberately indifferent to his serious medical

_____

[1] This case also proceeds against Mark S. Inch, Secretary of the Florida Department of Corrections in his official capacity, and former Secretary Julie L. Jones, in her individual capacity. Previously, the motion to dismiss, ECF No. 26, filed by those Defendants was granted in part. ECF No. 69.

needs.  *Id.* at 1.  Plaintiff alleges that while he has been incarcerated in the

Florida Department of Corrections, Defendants have "failed and/or refused

to provide life-saving Hepatitis-C treatment" to him.  *Id.*

Plaintiff entered the Department's custody in January 2015.  *Id.* at 16.

He had already been diagnosed with the Hepatitis-C Virus ("HCV") and

alleged that it was at "stage 4" in 2013.  *Id.*  Defendant Lopez was the

doctor at Okaloosa Correctional Institution, and Defendant Vilchez was the

doctor at Gulf Correctional Institution.  *Id.*  Plaintiff was under the care of

both doctors while housed at those institutions.  He alleges that Defendants

Lopez and Vilchez denied him treatment for HCV due to lack of funding.

*Id.* at 19, 21.

Plaintiff's complaint, as it pertains to those Defendants, asserts an

Eighth Amendment claim for deliberate indifference under 42 U.S.C.

§ 1983 (count 1), a second claim for "inadequate medical care" under

§ 1983 (count 3), and a negligence claim (count 4).  Plaintiff requests

compensatory and punitive damages, "[a]ny any other equitable and legal

relief which the Court deems appropriate . . . ."  ECF No. 23 at 32.

## I. Standard of Review

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); see also Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir. 2019).  "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S.

at 556). A complaint that "pleads facts that are 'merely consistent with' a

defendant's liability," falls "short of the line between possibility and

plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at

557).

The pleading standard is not heightened, but flexible, in line with Rule

8's command to simply give fair notice to the defendant of the plaintiff's

claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534

U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s

simplified pleading standard applies to all civil actions, with limited

exceptions."). Pro se complaints are held to less stringent standards than

those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th

Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594,

596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide

sufficient notice of the claim and the grounds upon which it rests so that a

"largely groundless claim" does not proceed through discovery and "take

up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc.

v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)

(quoted in Twombly, 550 U.S. at 558).

One additional principle bears highlighting: a motion to dismiss does not test the truth of a complaint's factual allegations.  As noted above, factual allegations, though not legal conclusions, must be "accepted as true," <u>Ashcroft</u>, 556 U.S. at 678, 129 S. Ct. at 1949, even when they are "doubtful in fact."  <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1965.  "Instead, it remains true, after <u>Twombly</u> and <u>Iqbal</u> as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'"  <u>Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168-69 (1993) (quoted in <u>Yawn v. Sec'y of Dep't of Corr.</u>, No. 5:13cv228-RH/EMT, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

## II.  Motion to Dismiss filed by Defendant Lopez, ECF No. 53

Dr. Lopez argues that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  ECF No. 53 at 5.  Dr. Lopez contends, first, that Plaintiff's efforts to exhaust his claims fell short because his formal grievance was untimely.  *Id.* at 7.  Second, Dr. Lopez claims that because a second grievance appeal was "never denied, the present lawsuit never became ripe for filing, and should be dismissed accordingly."  *Id.* at 8.

Case No. 4:18cv207-RH/CAS

As explained in the motion, the Department generally has a three-step grievance procedure.  ECF No. 53 at 6 (citing FLA. ADMIN. CODE R. 33-103.005 through 33-103.007).  However, where a grievance is "of a medical nature," the rules require filing only a formal grievance and then a grievance appeal.  FLA. ADMIN. CODE R. 33-103.008; 33-103.005(1).

Defendant Lopez submitted evidence that Plaintiff filed both a formal grievance and an appeal.  Formal grievance (# 1702-115-073) was submitted on February 20, 2017, and was denied on March 6, 2017.  Defendant's Ex. A (ECF No. 53-1 at 3).  Defendant argues that Plaintiff's grievance was untimely because it was not filed within 15 days from the date Plaintiff was examined by Dr. Lopez, which Defendant states was January 27, 2017.  ECF No. 53 at 7.

Review of Plaintiff's grievance reveals that Plaintiff was complaining about his HCV treatment in general and did not refer to a specific treatment date.  ECF No. 53-1 at 1-2.  More importantly, Plaintiff's formal grievance was addressed on the merits, his issue deemed to be "unfounded," and the grievance was "denied."  *Id.* at 3.

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before

bringing suit to challenge prison conditions." 42 U.S.C. § 1997e(a) (quoted

in <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1854-55, 195 L. Ed. 2d 117 (2016)

(rejecting "unwritten 'special circumstances' exception" to exhaustion

requirement)). The Supreme Court has held that "failure to exhaust is an

affirmative defense under the PLRA." <u>Jones v. Bock</u>, 549 U.S. 199, 216,

127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).[3] The issue of exhaustion is

"treated as a matter in abatement."[4] <u>Bryant v. Rich</u>, 530 F.3d 1368, 1374

(11th Cir. 2008) (cited in <u>Turner v. Burnside</u>, 541 F.3d 1077, 1082 (11th

Cir. 2008)). The purpose of exhaustion is to "afford corrections officials

time and opportunity to address complaints internally before allowing the

---

[3] "[D]efendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." <u>Turner v. Burnside</u>, 541 F.3d 1077, 1082 (11th Cir. 2008); *see also* <u>Jones</u>, 127 S. Ct. at 921 (concluding "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

[4] In ruling on the exhaustion defense, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." <u>Bryant</u>, 530 F.3d at 1376. Additionally, <u>Turner v. Burnside</u> "established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust." <u>Whatley</u>, 802 F.3d at 1209 (quoting <u>Turner</u>, 541 F.3d at 1082). First, if the factual allegations in the motion to dismiss conflict with those in the prisoner's response, the prisoner's view of the facts must be accepted as true. If the prisoner's facts show a failure to exhaust, the motion to dismiss must be granted. Second, if dismissal is not warranted based on the prisoner's factual allegations, the court must "make specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id.* at 1082-83; *see also* 802 F.3d at 1209.

initiation of a federal case." <u>Woodford v. Ngo</u>, 548 U.S. 81, 93, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006) (quoted in <u>Whatley v. Warden, Ware State Prison</u>, 802 F.3d 1205, 1208 (11th Cir. 2015)).  In doing so, prisoners must "properly exhaust" administrative remedies by complying with prison grievance procedures. <u>Jones</u>, 549 U.S. at 218, 127 S.Ct. at 922-23. Nevertheless, "district courts may not find a lack of exhaustion by enforcing procedural bars that the prison declined to enforce." <u>Whatley</u>, 802 F.3d at 1213-14.

In <u>Whatley</u>, the Eleventh Circuit Court of Appeals pointed out that under the relevant rules, prison officials could have rejected the prisoner's grievance and refused "to consider issues not raised in an informal grievance." 802 F.3d at 1214.  However, prison officials ignored that procedural flaw and considered the merits of the prisoner's claims in the formal grievance and appeal. *Id.* Accordingly, "a procedural flaw [that is] ignored by a prison cannot later be resurrected by the District Court to defeat exhaustion." 802 F.3d at 1215 (citation omitted). <u>Whatley</u> controls this issue.  Because prison officials decided Plaintiff's allegedly "procedurally flawed grievance on the merits" when his formal grievance was denied, the motion to dismiss should be denied as to this issue.

Case No. 4:18cv207-RH/CAS

Defendant's second argument as to the exhaustion issue fares no

better.  Dr. Lopez claimed that Plaintiff's grievance appeal was "never

denied" and his treatment was merely deferred.  ECF No. 53 at 8.  Indeed,

Defendant argues that "[n]owhere in the response to the Appeal does it

state that the Appeal was denied."  *Id.*  Based on his reading of the record,

Defendant Lopez claims this lawsuit "never became ripe for filing, and

should be dismissed accordingly."  *Id.*

Defendant Lopez is wrong for two reasons.  The first reason is that

the first two words typed on the response state: "Appeal Denied."  ECF No.

53-1 at 5.  The second reason is that the appeal was denied on July 7,

2017.  *Id.*  However, Plaintiff submitted his appeal on March 9, 2017.  ECF

No. 53-1 at 4.  Thus, it took the Secretary's Office four months to provide a

response to Plaintiff.  However, the Department's rules state that a

grievance appeal must "be responded to within 30 calendar days from the

date of the receipt of the grievance" appeal.  FLA. ADMIN. CODE R. 33-

103.011(3)(c).  The rules also state that unless the prisoner "has agreed in

writing to an extension, expiration of a time limit at any step in the process

shall entitle the complainant to proceed to the next step of the grievance

process."  FLA. ADMIN. CODE R. 33-103.011(4).  Plaintiff did not agree to an

extension of time.  ECF No. 70 at 9; *see also* ECF No. 53-1 at 4.  Thus,

Plaintiff was entitled to proceed to the judicial forum by April 2017.  He filed

this case in April 2018; it is not untimely, prematurely filed, or unexhausted.

The motion to dismiss should be denied as to this issue.

### 1.  Eighth Amendment claim

Defendant Lopez next seeks dismissal of this case for failing to state

a claim upon which relief may be granted under the Eighth Amendment.

ECF No. 53 at 9.  Defendant Lopez argues that Plaintiff has not sufficiently

alleged that "Dr. Lopez was deliberately indifferent to his condition through

conduct which was more than negligen[t]."  *Id.*  Defendant Lopez asserts

that Plaintiff's factual allegations detail his involvement with Plaintiff,

including examinations, answering questions, ordering an ultrasound,

changing a blood pressure medication, and putting Plaintiff on "the list" for

evaluation by the Hepatitis-C committee.  *Id.* at 9-10.  Defendant Lopez

states that he "had no authority to begin Plaintiff's treatment unless and

until Plaintiff was evaluated by the Hepatitis-C committee."  *Id.* at 10.

Defendant claims "Plaintiff's own allegations show that Dr. Lopez did

everything under his power for Plaintiff's treatment" and that Plaintiff's

claims "are nothing more than a disagreement with the treatment/testing which was provided." *Id.*

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). The Eighth Amendment guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety." Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead Corr. Inst., 452 F.App'x 848, 850-851 (11th Cir. 2011)). "It is well settled that the deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). HCV is a serious medical need. *See* Hoffer v. Inch, 382 F. Supp. 3d 1288,

1294 (N.D. Fla. 2019) (noting the Department's "long and sordid history of failing to treat HCV-infected inmates").

To prove deliberate indifference, "a prisoner must shoulder three burdens." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). Plaintiff must (1) show a serious medical need; (2) show that the defendant "acted with deliberate indifference to" that need; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert, 510 F.3d at 1326. To show deliberate indifference, Plaintiff's complaint must include facts showing: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Estrada v. Stewart, 703 F. App'x 755, 758-59 (11th Cir. 2017). Furthermore, "[a] core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness." McElligott, 182 F.3d at 1257 (quoted in Harris v. Prison Health Servs., 706 F. App'x 945, 950 (11th Cir. 2017). Additionally, a lack of funding "cannot justify an unconstitutional lack of competent medical care and treatment for inmates." Ancata v.

Prison Health Servs., Inc., 769 F.2d 700, 705 (11th Cir. 1985); *see also*

Harris v. Thigpen, 941 F.2d 1495, 1509 (11th Cir. 1991); Hoffer v. Jones,

290 F. Supp. 3d 1292, 1301 (N.D. Fla. 2017).

Here, Defendant Lopez is a medical doctor.  Plaintiff's complaint

alleged that the "consensus among medical professionals" is that persons

with HCV "should be treated with DAA drugs."[5]  ECF No. 23 at 15.

However, the Department did not provide such treatment due to costs.  *Id.*

at 19, 21.  Instead, Defendants allegedly "set up a sham system that

delayed and denied treatment to Mr. Curry."  *Id.* at 16.  Plaintiff's complaint

alleged that instead of receiving treatment, he was only monitored while his

condition deteriorated.  *Id.* at 18-22.  Those allegations are sufficient to

state a plausible claim.  Plaintiff's complaint should not be dismissed as

merely asserting a disagreement with the treatment provided because, as

shown in the Hoffer case, treatment was withheld and delayed, and not

provided.  Hoffer, 290 F. Supp. 3d at 1300 (finding the "record is replete

with evidence to" show the "failure to treat" was "because there was no

funding").  The motion to dismiss should be denied as to this issue.

---

[5] In late 2013, "a new class of drugs known as direct-acting antivirals ("DAAs") were released to market" and "proved to be 'a revolution" for treating HCV.  Hoffer, 290 F. Supp. 3d at 1296.

## 2. Negligence claim

Defendant Lopez seeks dismissal of Plaintiff's negligence claim for failure to comply with Florida's statutory requirements.  ECF No. 53 at 11.  Defendant notes that these "include, but are not limited to, performing an investigation, notification and corroboration."  *Id.* at 11.  "There are also informal discovery procedures and timing requirements enumerated under Chapter 766," which Defendant contends were not "met here."  *Id.*

In response, Plaintiff states that as a pro se prisoner, he was "not required to certify that a presuit investigation" was done.  ECF No. 70 at 16.  Plaintiff directs the Court's attention to FLA. STAT. § 766.14(1) which states in relevant part:

> No action shall be filed for personal injury or wrongful death arising out of medical negligence, whether in tort or in contract, unless the attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of counsel that such reasonable investigation gave rise to a good faith belief that grounds exist for an action against each named defendant.

FLA. STAT. § 766.104(1).  Plaintiff also points to a case from the Florida First District Court of Appeal which found "that the legislative intent

regarding section 768.495(1) was to require a certificate only from an attorney of record formally representing a plaintiff." Comnenos v. Family Practice Med. Grp., Inc., 588 So. 2d 629, 631 (Fla. 1st DCA 1991) (citation omitted). Since Plaintiff is pro se, he contends he is not required to comply.

Additionally, Plaintiff points out that he has been unable to fully comply with the statute because the Department of Corrections has not provided him with his medical records. ECF No. 70 at 16-17. Thus, he claims the Department has interfered with his "ability to conduct a 'reasonable' presuit investigation . . . ." Id. at 17. Nevertheless, Plaintiff states that he served a "notice of claim" on the Defendants as required by FLA. STAT. § 766.106. ECF No. 70 at 17. Plaintiff states that the Defendants failed to make a "reasonable investigation" as required and did not "timely provide a good faith rejection of" his claim. Id. Plaintiff says that those "failures constitute a final denial of claims" and preclude Defendants "from enforcing pretrial requirements outlined" in Chapter 766.[6]

---

[6] "Failure of the prospective defendant or insurer or self-insurer to reply to the notice within 90 days after receipt shall be deemed a final rejection of the claim for purposes of this section." FLA. STAT. § 766.106 (3)(c). The statute also provides that "[u]nreasonable failure of any party to comply with this section justifies dismissal of claims or defenses." FLA. STAT. § 766.106(3)(a).

*Id.* Thus, Plaintiff argues that since Defendants were given notice of his claim and had time to properly investigate, but failed to do so, the motion to dismiss should be denied and the Defendants' affirmative defense should be stricken. *Id.* at 17, 19.

At least one court to consider this issue has noted there are "competing considerations." De La Torre v. Orta ex rel. Orta, 785 So. 2d 553, 555 (Fla. 3d DCA 2001) (citing Kukral v. Mekras, 679 So.2d 278 (Fla.1996), and noting that enforcement of "the statute must be weighed against the right of access to courts"). Striking the defense of a defendant who failed to timely respond to a presuit notice is harsh. Similarly, dismissing Plaintiff's claim is not warranted based on the disputed posture of this issue. Plaintiff points out that Defendant Lopez raised the presuit notification issue in a vague manner. ECF No. 70 at 19; *see* ECF No. 53 at 11. Defendant did not state with particularity how Plaintiff failed to comply with the statute. In his response, Plaintiff contends that he complied with the statute to the extent possible, albeit hindered by the Department's refusal to provide him with a copy of his medical records. It is, thus, unclear whether either party complied with the statute. Accordingly, the motion to dismiss the negligence claim should be denied at this time.

Case No. 4:18cv207-RH/CAS

### 3. Qualified Immunity and Eleventh Amendment Immunity

Defendant Lopez also seeks dismissal of this case on the basis of qualified immunity.  ECF No. 53 at 11-13.  "The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Marbury v. Warden, 936 F.3d 1227, 1232 (11th Cir. 2019) (citations omitted).  Qualified immunity claims are resolved using a two pronged analysis: whether the facts as alleged show a violation of a constitutional right and whether the constitutional right was clearly established at the time of the defendant's alleged misconduct.  Pearson v. Callahan, 555 U.S. 223, 232, 129 S. Ct. 808, 815-16 172 L. Ed. 2d 565 (2009) (reaffirming the two prongs of qualified immunity analysis, but holding that judges have discretion to decide which prong should be addressed first); Taylor v. Hughes, 920 F.3d 729, 732 (11th Cir. 2019).

Here, Plaintiff alleged that the Defendant failed to provide appropriate medical care for his serious medical needs, an allegation which must be accepted as true at this stage of the litigation.  That allegation sufficiently states a claim.  Moreover, it has been well established for over forty years

that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment.  <u>Estelle</u>, 97 S. Ct. 285 (1976).  Defendant Lopez is not entitled to qualified immunity.

Defendant Lopez also argues that "to the extent" Plaintiff seeks monetary damages against him in his official capacity, the claims are barred by the Eleventh Amendment.  ECF No. 53 at 13.  Plaintiff concedes that assertion is correct.  ECF No. 70 at 23.  Thus, as correctly noted by Plaintiff, his claims for monetary damages may proceed against this Defendant in his individual capacity, but the official capacity claim should be dismissed.

### 4.  Physical Injury

Defendant Lopez also contends that Plaintiff has not alleged that he suffered physical injury as a result of the actions or omissions of Defendant Lopez.  ECF No. 53 at 13-14.  Pursuant to § 1997e(e), he seeks dismissal of the complaint.

Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."  42 U.S.C. § 1997e(e).  Plaintiff's complaint alleged that his liver has deteriorated due

to the lack of treatment.  He alleged that a "golf ball size lump" developed

on his liver and that he has experienced blood pressure issues due to

scarring of the liver.  *Id.* at 19-20.  Plaintiff also alleged that due to his

untreated HCV, he developed "bacterial periodontitis" and has an

"extensive amount of bone loss" which, according to his dentist, will require

"that <u>all</u> of the teeth must come out."  *Id.* at 20.  These allegations

sufficiently demonstrate physical injury and the motion to dismiss should be

denied as to this issue.

## III.  Motion to Dismiss filed by Defendant Vilchez, ECF No. 49

Defendant Vilchez has raised the same defenses to Plaintiff's claims

as presented by Defendant Lopez, with the exception of the exhaustion

defense.  ECF No. 49.  Defendant Vilchez argues that Plaintiff's allegations

are insufficient to show that Dr. Vilchez was deliberately indifferent to

Plaintiff's condition.  *Id.* at 6.  Defendant Vilchez contends that Plaintiff

acknowledges that this Defendant ordered numerous tests, provided

treatment, answered Plaintiff's questions and addressed his concerns.  *Id.*

Defendant Vilchez points out that he "requested a consult with a liver

specialist at the Reception Medical Center" and "voiced a concern" about

Plaintiff's liver which appeared to be "bulging out of [Plaintiff's] right side."

Case No. 4:18cv207-RH/CAS

ECF No. 49 at 6 (citing to ECF No. 32 at 17). Defendant Vilchez ordered a CT Scan and told Plaintiff the "lump" was probably just a "fatty deposit and" said it was nothing to worry about. ECF No. 23 at 17-18. Defendant Vilchez told Plaintiff that the "result of the CT Scan was basically normal," but Plaintiff contends a "'golf ball' size lump" is not normal. *Id.* at 19.

It is true that Plaintiff's allegations reveal Defendant Vilchez was requesting tests and provided Plaintiff with "pain medication for 2 weeks." *Id.* at 17. However, despite those actions, Defendant Vilchez failed to provide Plaintiff with any treatment for HCV. Defendant Vilchez advised Plaintiff that treatment would not be provided "because it is too expensive." *Id.* at 16-17.

As discussed above, a lack of funding does not justify a refusal to provide medical treatment for inmates. Ancata, 769 F.2d at 705. Moreover, even when an inmate is "ultimately provided" medical care, "a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (citations omitted). Those are,

in fact, Plaintiff's allegations - that Defendants knew of Plaintiff's need for HCV treatment, but none was provided.  Instead, Plaintiff was watched and monitored.

In this Circuit, "deliberate indifference may be established by a showing of grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment."  McElligott, 182 F.3d at 1255 (citing Steele v. Shah, 87 F.3d 1266, 1269-70 (11th Cir. 1996), and Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)).  It has been well established that "[w]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference."  182 F.3d at 1255 (quoting Mandel v. Doe, 888 F.2d 783, 789 (11th Cir. 1989); Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th Cir. 1985)).  Here, Plaintiff alleged that he was not provided any actual treatment for HCV.  Monitoring Plaintiff's medical condition is not the same as providing treatment, and by testing Plaintiff rather than treating his serious medical need, Plaintiff sufficiently alleged that his "medical care" was of such a cursory nature that it was essentially "no treatment at all."  Plaintiff has alleged facts which show that Defendant

Vilchez was deliberately indifferent to Plaintiff's serious medical needs and the motion to dismiss should be denied as to this argument.

Defendant Vilchez also contends that the state law negligence claim should be dismissed because Plaintiff failed to comply with Chapter 766. ECF No. 49 at 7-8. That argument is identical to the argument raised by Defendant Lopez and, for the reasons stated above, it should also be rejected.

Additionally, for the reasons previously stated, Plaintiff's complaint should not be dismissed on the basis of qualified immunity or lack of physical injury. ECF No. 49 at 8-9, 10-11. Plaintiff's allegations are sufficient to state a claim, and his right to medical care is well established. Plaintiff has also shown physical injury as explained above.

Defendant also asserts Eleventh Amendment immunity. ECF No. 49 at 9-10. Plaintiff again acknowledges that his official capacity claim for monetary damages against Defendant Vilchez is "barred by the Eleventh Amendment." ECF No. 71 at 19. The motion to dismiss should be granted as to this issue, but Plaintiff's individual capacity claim should proceed.

**Plaintiff's Treatment**

Finally, both Defendants have pointed out that Plaintiff had begun receiving treatment for HCV at the time he initiated this case.  ECF No. 49 at 4; ECF No. 53 at 3.  Plaintiff was treated "with the drug Epclusa on February 21, 2018," which is approximately two months prior to Plaintiff's initiation of this case.  Plaintiff's "treatment was completed on May 15, 2018," after case initiation, and Defendants note that Plaintiff's "test results currently show that Plaintiff has been cured of the HCV virus."  ECF No. 49 at 4; ECF No. 53 at 4.  Plaintiff acknowledges as much, but contends that treatment was not because of any actions of Defendants Vilchez or Lopez.  ECF No. 70 at 3; ECF No. 71 at 3.  Plaintiff advises that he was given treatment only "after FDC was forced to provide treatment" in the wake of the *Hoffer* case.  ECF No. 70 at 3; ECF No. 71 at 3.  Plaintiff's eventual treatment may impact a damages calculation should he ultimately be successful in this case, but it is not a basis to dismiss Plaintiff's claims.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the amended motion to dismiss filed by Defendant Vilchez. ECF No. 49, and the amended motion to dismiss filed by Defendant Lopez, ECF No. 53, be **GRANTED in part**

and **DENIED in part**.  Plaintiff's official  capacity claims against both

Defendants should be **DISMISSED** pursuant to the Eleventh Amendment,

but the motions should otherwise be **DENIED**.  It is additionally

**RECOMMENDED** that the Defendants be required to file an answer to

Plaintiff's second amended complaint and this case be **REMANDED** for

further proceedings.

> **IN CHAMBERS** at Tallahassee, Florida, on February 10, 2020.


>  S/    Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

> **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv207-RH/CAS