IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID T. CURRY,

    Plaintiff,

v.                                                     CASE NO. 4:18cv207-RH-CAS

MARK S. INCH et al.,

    Defendants.

_____/

**ORDER DISMISSING THE OFFICIAL-CAPACITY
CLAIMS AGAINST DRS. VILCHEZ AND LOPEZ AND
OTHERWISE DENYING THEIR MOTIONS TO DISMISS**

    The plaintiff David T. Curry is a prisoner in the Florida Department of Corrections. He asserts federal and state claims arising from the defendants' alleged failure to adequately treat his hepatitis-C. Two defendants, Dr. Simone Vilchez and Dr. Luis Lopez, have moved to dismiss the second amended complaint. The motion is before the court on the magistrate judge's second report and recommendation, ECF No. 95. No objections have been filed.

    The report and recommendation correctly concludes that the claims against Drs. Vilchez and Lopez in their official capacities should be dismissed but that in all other respects the motions to dismiss should be denied. This order adopts the

report and recommendation as the court's opinion except on one issue: whether Mr. Curry's negligence claim should be dismissed for failure to comply with the Florida medical-negligence presuit requirements. *See* Fla. Stat. §§ 766.201 et seq.

Compliance with the presuit requirements is a condition precedent. Failure to comply ordinarily provides a defense but is not a jurisdictional bar. *See, e.g.*, *Kukral v. Mekras*, 679 So. 2d 278, 283-84 (Fla. 1996).

Federal Rule of Civil Procedure 9(c) provides: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." The second amended complaint alleges that "Mr. Curry has attempted to satisfy all conditions precedent" and that any failure to do so was caused by, among other things, the defendants' active prevention of compliance. ECF No. 23 at 3-4. It may turn out that Mr. Curry has failed to comply with the Florida presuit conditions, at least some of which plainly apply to pro se plaintiffs, and that the failure cannot be attributed to the defendants. Drs. Vilchez and Lopez may ultimately prevail on the medical-negligence claim on this basis. But this is not a decision that can be made on the current motions to dismiss.

For these reasons and those set out in the second report and recommendation,

IT IS ORDERED:

1. The second report and recommendation, ECF No. 95, is accepted.

2. Dr. Vilchez's motion to dismiss, ECF No. 49, and Dr. Lopez's motion to dismiss, ECF No. 53, are granted in part and denied in part.

3. The claims against Drs. Vilchez and Lopez in their official capacities are dismissed. The other claims against Drs. Vilchez and Lopez are not dismissed.

4. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

5. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on March 4, 2020.

            s/Robert L. Hinkle
            United States District Judge